E-FILED
Thursday, 02 December, 2004  08:56:40 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

```
IN RE:                        )
                              )
DONNA J. ERICSON              )
                              )
     Debtor.                  )    Case No. 04-4043
                              )
                              )
```

## O R D E R

Before the Court is Donna Ericson's Appeal from Bankruptcy Judge Gerald Fines' April 6 Opinion dismissing Ericson's bankruptcy case and barring her from refiling bankruptcy under any Chapter of the bankruptcy code for a period of 180 days.

Ericson has an extensive history of bankruptcy filings. She first filed for bankruptcy relief under Chapter 13 on January 24, 1997. That case was dismissed for failure to formulate a confirmable plan. In 1998, Ericson filed a bankruptcy petition in Wisconsin which the Wisconsin court dismissed for failure to meet residency requirements. On June 24, 1998, Ericson again filed for relief under Chapter 13. That case was later converted to Chapter 7, Ericson received a discharge, and the case was closed on February 25, 2003. While the Chapter 7 case was still open, Ericson again filed for Chapter 13 relief and her case was confirmed, but she moved for a voluntary dismissal on January 9, 2003.

Ericson filed the present case on June 20, 2003. On July 11, 2003, the trustee moved to dismiss because Ericson's schedules were incomplete and the debts listed were not properly categorized, and because Ericson's numerous bankruptcy filings amounted to an abuse of process. On August 14, the Bankruptcy Court held a creditor's meeting. Ericson appeared but refused to answer nearly all

questions posed to her choosing instead to assert her rights under the Fifth Amendment.  That meeting was concluded and Ericson thereafter sought (and was denied) immunity from the United States Attorney.  On October 20, the bankruptcy court held another creditor's meeting. At that meeting creditors R. Victor Hanks and Genevieve M. Hanks filed a motion to dismiss arguing Ericson's multiple bankruptcy filings were an abuse of process--they later made an additional motion arguing Ericson's refusal to answer questions was also an abuse of process.

At a December 11, 2003 hearing on Ericson's Chapter 13 plan and the pending motions to dismiss, Ericson made an oral motion for Bankruptcy Judge Thomas Perkins to recuse himself.  The motion was granted, the case was reassigned to Bankruptcy Judge Gerald Fines, and another hearing was scheduled for February 19 at 10:00am.  On February 19 at 8:30am Ericson filed an emergency motion to continue the hearing alleging, inter alia, that her sister was undergoing very serious surgery that morning in Wisconsin.  That same day, Ericson also filed documents titled "Complaint" and "Emergency Motion Ex Parte for Protection/Intervention" with this Court.  This Court summarily dismissed the Complaint for lack of subject matter.

Another hearing was scheduled for March 24, 2004 at 8:30am. On the afternoon of March 23, Ericson faxed an unfiled document to the bankruptcy judge's chambers requesting that Bankruptcy Judge Fines recuse himself.  The March 24 hearing went forward and the bankruptcy judge later issued an opinion finding there was no basis for allowing Ericson's recusal motion, Ericson's Chapter 13 plan was unacceptable, and  Ericson had not acted in good faith during the bankruptcy proceedings.  Ericson's bankruptcy petition was dismissed and she was barred from refiling for a period of 180

days.

In this Appeal, after being given two extensions of time to file a brief, Ericson has filed documents entitled "Statement of Issues to be Presented" and "Appellant's Designation of Items." Neither of these documents addresses any of the issues dealt with in the bankruptcy court's April 6 Opinion. Instead, Ericson focuses on allegedly fraudulent transactions by her ex-husband and others which preceded her string of bankruptcy filings. Furthermore, neither of these documents is in conformity with Rule 8010 of the Rules of Bankruptcy Procedure which prescribes the form of briefs for bankruptcy appeals. Considering the irrelevant arguments contained in these documents and the irregular form of these documents, the Court will not construe either as a brief. Since Ericson has been given ample time to file a brief and has failed to do so, the Court dismisses this appeal for failure to prosecute.

For the reasons set forth above, the decision of the Bankruptcy Court is AFFIRMED.

CASE TERMINATED.

ENTERED this <u>1st</u> day of December, 2004.

s/ Joe B. McDade
JOE BILLY McDADE
Chief United States District Judge
