E-FILED
Friday, 10 December, 2004  04:15:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

```
R. VICTOR HANKS/GENEVIEVE HANKS,  )
                                  )   Appeal No. 04-4043
     Appellees/Plaintiffs,        )   former No. 04-1181
                                  )
     vs.                          )   State Case No.
                                  )   03 LM-372
DONNA J. ERICSON,                 )   Bankruptcy Case
                                  )   03-83019
     Appellant/Respondent.        )   (2 Adversary Case
```

FILED
DEC 10 2004
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

MOTION TO VACATE ORDER OF DECEMBER 1, 2004
AND JUDGEMENT OF DECEMBER 3, 2004
AND REINSTATE APPEAL FOR CAUSE

   NOW COMES Appellant DONNA J. ERICSON, currently pro se, and files her Motion to Vacate Order of December 1, 2004, and Judgement of December 3, 2004 and Reinstate Appeal for Cause and states the following:

   1.  That this Motion is supported with an Affidavit by Ericson.

   2.  That Donna Ericson NEVER received the Order of Judge McDade of August 4, 2004 and had NO KNOWLEDGE of any revised deadlines in her appeal until she secured the docket sheets on December 4, 2004. Exhibit 1 and 2.

   3.  That the court was in the process of turmoil converting to Electronic filing at that time, and Ericsons believes the mailing fell between the cracks and is a harmfull error.

   4.  That without being properly and timely notified of the appeal case number, the proper court of jurisdiction, changes in scheduling deadlines, (brief due dates), Ericson could not reasonably comply.  See Fed. R. Bankr. P. 8007, 8008, 8009.

   5.  That Federal Rule of Civil Procedure 60(b)(6) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for "any other reason justifying relief from the operation of the judgment."

   6.  That Supreme court has emphasized that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reasons" clause of Section 60(b)(6). See Klapprott v. United States, 335 U.S. 601, 613 (1949); see also Ackermann v. United States, 340 U.S. 193, 199 (1950).

7. That due to the harmful error either of the U. S. District Court, or the U.S. Postal Service in failure to either mail or deliver mail to Ericson, the requisite extraordinary circumstances are present in this case.

8. That the District Court in case 99-4053, August 6, 1999 upheld a Motion to Vacate Order and reinstate an appeal for these reasons.

9. That neither the Bankruptcy Court nor the District Court ever notified Donna Ericson regarding improper format of a "Statement of Issues to be Presented" and "Appellant's Designation of Items." filed August 10, 2004, nor was Ericson ever given a "fair or just" chance to correct them as their was never a complaint until the dismissal order of December 1, 2004, and is untimely and severely prejudicial.

10. That Donna Ericson made her best effort to comply with the filing deadlines and "format" she was "informed" of, and at that time, due to the extraordinary cruel circumstances she had been forced and provoked to live under (order of bankrupcy court and order of state court making her virtually homeless for over three months).

11. That Ericson has incurred physical harm to her pre exisiting heart condition, incurred approximately $20,000.00 plus in damages since April 2004, and has suffered incredible pain and suffering.

12. That Ericson attaches a supporting brief to this motion, in her best effort at this time.

13. That Ericson requests, should the district court affirm reinstate for said causes, schedule the brief for January 14, 2005, due to the problems this holiday season timing would create, and undue hardships.

WHEREFORE, Donna Ericson prays that this court vacate the order of December 1, 2004, the judgment of December 3, 2004, reinstate the appeal for just cause, and any other relief the court feels just.

*Donna J. Ericson* (signature)
DONNA J. ERICSON
Appellant, pro se

Donna J. Ericson
967 - 40th Street Court
Moline, IL  61265
(309) 736-9190

REFER, TRANSF, 13, BKAPPEAL, CLOSED

## U.S. District Court
## Central District of Illinois (Rock Island)
## CIVIL DOCKET FOR CASE #: 4:04-cv-04043-JBM
### Internal Use Only

Ericson v.
Assigned to: Chief Judge Joe Billy McDade
Demand: $0
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 06/08/2004
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**Debtor**
----------------------

**Donna J Ericson**             represented by **Donna J Ericson**
                                               967 40th Street
                                               Moline, IL 61265
                                               309-796-3828
                                               PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2004 | 1 | BANKRUPTCY APPEAL (RK, ilcd) (Entered: 06/08/2004) |
| 06/08/2004 | 2 | BANKRUPTCY BRIEFING LETTER mailed to parties re: Bankruptcy Appeal; appellants brief due 6/23/04 (RK, ilcd) (Entered: 06/08/2004) |
| 06/16/2004 | 3 | MOTION by debtor Donna J Ericson to extend time to file brief and Notice of Change of Address (DK, ilcd) (Entered: 06/16/2004) |
| 06/22/2004 |   | MINUTE-ENTRY: by Chief Judge Joe B. McDade granting motion to extend time to file brief [3-1]. ;Appellant's brief due 7/23/04 (cc: all counsel) (HK, ilcd) (Entered: 06/22/2004) |
| 06/23/2004 |   | MINUTE-ENTRY: by Chief Judge Joe B. McDade. This case is transferred to the Rock Island Division. The new case number in Rock Island is 04-4043. All future pleadings should be filed in Rock Island and bear the 04-4043 case number. Filed mailed to Rock Island division. (cc: all counsel) (DK, ilcd) (Entered: 06/24/2004) |
| 06/23/2004 |   | Original file, transfer order received from Peoria [ 04-1181]. Case assigned to Chief Judge Joe B. McDade. (DK, ilcd) (Entered: |

EXHIBIT 1

https://ecf.ilcd.circ7.dcn/cgi-bin/DktRpt.pl?487333468500202-L_280_0-1          12/3/2004

|  |  |  |
|---|---|---|
|  |  | 06/24/2004) |
| 07/26/2004 | 4 | NOTICE of Change of Address by Donna J Ericson (TP, ilcd) (Entered: 07/26/2004) |
| 07/26/2004 | 5 | MOTION for Extension of Time to File Brief for Cause by Debtor Donna J Ericson. Responses due by 8/9/2004 (TP, ilcd) (Entered: 07/26/2004) |
| 08/03/2004 |  | ORDER granting [5] Motion for Extension of Time to File. Plaintiff's appellant brief for her bankruptcy appeal is due by or on August 13, 2004. This is the second time she has been granted additional time to file her brief. Plaintiff is warned that no further extensions will be given and that failure to submit her brief by August 13, 2004, will result in dismissal of her case for failure to prosecute. Entered by Judge Joe Billy McDade on 8/4/2004. (HL, ilcd) (Entered: 08/03/2004) |
| 08/10/2004 | 6 | Letter: From Donna Ericson regarding Bankruptcy case #03-83019; Statement of Issues to be presented (TP, ilcd) (Entered: 08/17/2004) |
| 08/10/2004 | 7 | Letter: From Donna Ericson regarding Appellant's Designation of items (TP, ilcd) (Entered: 08/17/2004) |
| 08/10/2004 | 8 | Combined MOTION for Extension of Time to provide documents and complete payment in full of costs by Debtor Donna J Ericson. Responses due by 8/24/2004 (TP, ilcd) (Entered: 08/17/2004) |
| 09/01/2004 |  | ORDER striking [8] Motion for Extension of Time to File. It appears that this motion was incorrectly filed in this Court and that the subject matter relates to the Appellant's proceedings in bankruptcy court. Entered by Judge Joe Billy McDade on 9/1/2004. (HL, ilcd) (Entered: 09/01/2004) |
| 12/01/2004 | 9 | ORDER Entered by Judge Joe Billy McDade on 12/01/04. DISMISSING CASE for failure to prosecute. The decision of the Bankruptcy Court is Affirmed. (TP, ilcd) (Entered: 12/02/2004) |
| 12/03/2004 | 10 | JUDGMENT is entered and the decision of the Bankruptcy Court is Affirmed. (TP, ilcd) (Entered: 12/03/2004) |

EXHIBIT 2

E-FILED
Thursday, 02 December, 2004 08:56:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
DEC 1 2004
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

IN RE:                          )
                                )
DONNA J. ERICSON                )
                                )
     Debtor.                    )    Case No. 04-4043
                                )
                                )

## ORDER

Before the Court is Donna Ericson's Appeal from Bankruptcy Judge Gerald Fines' April 6 Opinion dismissing Ericson's bankruptcy case and barring her from refiling bankruptcy under any Chapter of the bankruptcy code for a period of 180 days.

Ericson has an extensive history of bankruptcy filings. She first filed for bankruptcy relief under Chapter 13 on January 24, 1997. That case was dismissed for failure to formulate a confirmable plan. In 1998, Ericson filed a bankruptcy petition in Wisconsin which the Wisconsin court dismissed for failure to meet residency requirements. On June 24, 1998, Ericson again filed for relief under Chapter 13. That case was later converted to Chapter 7, Ericson received a discharge, and the case was closed on February 25, 2003. While the Chapter 7 case was still open, Ericson again filed for Chapter 13 relief and her case was confirmed, but she moved for a voluntary dismissal on January 9, 2003.

Ericson filed the present case on June 20, 2003. On July 11, 2003, the trustee moved to dismiss because Ericson's schedules were incomplete and the debts listed were not properly categorized, and because Ericson's numerous bankruptcy filings amounted to an abuse of process. On August 14, the Bankruptcy Court held a creditor's meeting. Ericson appeared but refused to answer nearly all

questions posed to her choosing instead to assert her rights under the Fifth Amendment. That meeting was concluded and Ericson thereafter sought (and was denied) immunity from the United States Attorney. On October 20, the bankruptcy court held another creditor's meeting. At that meeting creditors R. Victor Hanks and Genevieve M. Hanks filed a motion to dismiss arguing Ericson's multiple bankruptcy filings were an abuse of process--they later made an additional motion arguing Ericson's refusal to answer questions was also an abuse of process.

At a December 11, 2003 hearing on Ericson's Chapter 13 plan and the pending motions to dismiss, Ericson made an oral motion for Bankruptcy Judge Thomas Perkins to recuse himself. The motion was granted, the case was reassigned to Bankruptcy Judge Gerald Fines, and another hearing was scheduled for February 19 at 10:00am. On February 19 at 8:30am Ericson filed an emergency motion to continue the hearing alleging, inter alia, that her sister was undergoing very serious surgery that morning in Wisconsin. That same day, Ericson also filed documents titled "Complaint" and "Emergency Motion Ex Parte for Protection/Intervention" with this Court. This Court summarily dismissed the Complaint for lack of subject matter.

Another hearing was scheduled for March 24, 2004 at 8:30am. On the afternoon of March 23, Ericson faxed an unfiled document to the bankruptcy judge's chambers requesting that Bankruptcy Judge Fines recuse himself. The March 24 hearing went forward and the bankruptcy judge later issued an opinion finding there was no basis for allowing Ericson's recusal motion, Ericson's Chapter 13 plan was unacceptable, and Ericson had not acted in good faith during the bankruptcy proceedings. Ericson's bankruptcy petition was dismissed and she was barred from refiling for a period of 180

2

days.

In this Appeal, after being given two extensions of time to file a brief, Ericson has filed documents entitled "Statement of Issues to be Presented" and "Appellant's Designation of Items." Neither of these documents addresses any of the issues dealt with in the bankruptcy court's April 6 Opinion. Instead, Ericson focuses on allegedly fraudulent transactions by her ex-husband and others which preceded her string of bankruptcy filings. Furthermore, neither of these documents is in conformity with Rule 8010 of the Rules of Bankruptcy Procedure which prescribes the form of briefs for bankruptcy appeals. Considering the irrelevant arguments contained in these documents and the irregular form of these documents, the Court will not construe either as a brief. Since Ericson has been given ample time to file a brief and has failed to do so, the Court dismisses this appeal for failure to prosecute.

For the reasons set forth above, the decision of the Bankruptcy Court is AFFIRMED.

CASE TERMINATED.

ENTERED this 1st day of December, 2004.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
Chief United States District Judge

3

AO 450 (Rev. 5/85) Judgment in a Civil Case

E-FILED
Friday, 03 December, 2004 11:16:13 AM
Clerk, U.S. District Court, ILCD

# United States District Court

CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

FILED
DEC 3 2004
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

Donna J. Ericson

vs.

Case Number: 04-4043

☐ **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **DECISION BY THE COURT.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**XX IT IS ORDERED AND ADJUDGED** that the Court is dismissing this appeal for failure to prosecute and the decision of the Bankruptcy Court is Affirmed.

ENTER this 3rd day of December, 2004

JOHN M. WATERS, CLERK

_____s/T. Peeples_____
BY: DEPUTY CLERK

PROOF OF SERVICE

I, the undersigned, hereby certify that I mailed a copy of the above document to the following by first class mail, postage pre-paid on the 10th day of December, 2004 to Attorney Tom Blade for the Hanks' at 620 - 17th Street, Moline, IL 61265.

*Donna J. Ericson*

DONNA J. ERICSON

Donna Ericson
967 - 40th Street
Moline, IL 61265
(309) 736-9190

```
                    Case No. 04-4043
                   (formerly No. 04-1181)

                 Bankruptcy Case No. 03-83019

              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF ILLINOIS
                  ROCK ISLAND DIVISION
```

In Re:

DONNA J. ERICSON
SSN 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

---

## A F F I D A V I T

---

STATE OF ILLINOIS

COUNTY OF ROCK ISLAND

DONNA J. ERICSON, Appellant, pro se, being first duly sworn on oath, deposes and says as follows:

1. That Donna Ericson NEVER received any ORDER issued by Judge Joe McDade, as shown on docket sheet for August 3 or August 4, 2004.

2. That Donna Ericson had NO KNOWLEDGE of revised briefing deadlines imposed upon her, as she NEVER received the document.

3. That Donna Ericson does not believe the document was ever mailed, falling between the cracks during the simultaneous federal change to electronic mail from a paper court at the same time.

4. That Donna Ericson has never done anything in BAD FAITH, but always GOOD FAITH, and affirms she is of good character and a former Federal Employee, Department of Defense, and held a secret clearance.

5. That during the same time frame the document "should have been mailed", Ericson verbally reported to "Barb" at the Moline U.S. Postal service, the mail carrier had refused to leave mail at 967 - 40th Street, Moline.

6. That the U.S. Postal Office supervisor stated to me the carrier had violated postal regulations and had an unusual phobia to barking dogs (2 poodles that were inside the house and properly secured).

7. Supervisor Barb was infomred of Ericson's concerns regarding delivery of mail due to pending Federal Appeal.

*Donna J. Ericson*

DONNA J. ERICSON
Appellant, pro se

SUBSCRIBED TO AND SWORN TO
before me on this 10th day of December, 2004.

_____ NOTARY PUBLIC

"OFFICIAL SEAL"
SHARON L. PULSIFER
Notary Public, State of Illinois
My Commission Expires 9-21-2005