E-FILED
Monday, 01 May, 2006 04:36:04 PM
Clerk, U.S. District Court, ILCD

CERTIFIED COPY

**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 23, 2006[*]
Decided March 31, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

FILED
APR 2 5 2006
U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

| | |
|---|---|
| No. 04-4337 | |
| IN RE: | Appeal from the United States District Court for the Central District of Illinois |
| DONNA J. ERICSON, *Debtor-Appellant.* | No. 04-4043 |
| | Joe Billy McDade, *Judge.* |

### ORDER

Donna Ericson's appeal of a bankruptcy court's adverse decision was dismissed because she failed to file a sufficient opening brief. Ericson, who is proceeding pro se, filed a motion under Federal Rule of Civil Procedure 60(b) to vacate the dismissal, which the district court refused to do. She now appeals both the dismissal and the denial of her 60(b) motion. We review both decisions for an abuse of discretion, and will reverse only if no reasonable person could agree with the district court's decision. *Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001).

---

[*] The appellees failed to file a response brief and thereby forfeited their opportunity to participate in briefing or oral argument. *See* Circuit R. 31(d). After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

No. 04-4337 Page 2

This is Ericson's fifth bankruptcy petition in six years. The bankruptcy court dismissed the petition and barred Ericson from refiling new claims for 180 days after she failed to assemble an appropriate Chapter 13 plan and demonstrated bad faith at numerous turns. (She used her proposed plan to harangue her opponents; failed to attend a scheduled hearing on disingenuous grounds; and refused to answer questions at another hearing after invoking the Fifth Amendment.) On appeal to the district court, Ericson sought and received two extensions of time to file her opening brief, first in June 2004 and then in July. In granting her second motion on August 3, 2004, the district court warned that no further extensions would be given, and that failure to submit a brief by the new deadline of August 13 would lead to the dismissal of the appeal.

On August 10 Ericson filed with the district court two submissions captioned for the bankruptcy court: a "statement of issues to be presented" and an "appellant's designation of items." Ericson claims that she was simply filing her docketing statement and her list of items for the record on appeal, Fed. R. Bankr. P. 8006, which the bankruptcy court had ordered her to do by August 10. The district court had ordered her to file all future submissions with it, and by filing these items with the district court rather than the bankruptcy court she was attempting to follow that directive. The district court, however, interpreted the filings as Ericson's attempt at an opening brief and found that they put forth no argument as to why the bankruptcy court erred. The court held that they therefore could not be construed as a brief and dismissed the appeal for failure to prosecute.

Ericson filed a motion to vacate the judgment, contending that she had never received the district court's order granting her second extension of time and warning that her case would be dismissed if she did not file her opening brief by August 13. (She says she learned of the dismissal only after checking the district court's docket sheet in December.) Although the motion was filed quickly enough to be considered a motion to alter or amend the judgment under Rule 59(e), it was labeled a motion to vacate and cited Rule 60(b); moreover, the latter rule provides the only arguable basis for relief in the circumstances. We will therefore treat it as a motion under Rule 60(b). *See Harrington v. City of Chicago*, 433 F.3d 542, 545–46 (7th Cir. 2006). In its order denying the 60(b) motion, the district court noted that if in fact Ericson had not received the order granting her an extension and refusing any further extensions, she had still managed to file *something* on time, and so had not been prejudiced.

Ericson's brief in this court is largely a mass of recitals of events that are wholly irrelevant to any claim that the orders appealed from should be reversed. Her so-called brief is seventeen pages long and lacks the form and substance of an appellate brief. *See* Fed. R. App. P. 28(a). Only in a few scattered lines does she come close to arguing for reversal by challenging the statement of the district judge

No. 04-4337 Page 3

that her filings on August 10 were her brief, a statement that she says "is false." She then contends that that her failure to file an appropriate brief should be excused under Rule 60(b)(6). We think Rule 60(b)(1), dealing with excusable neglect, is the appropriate guideline, for 60(b)(6) is a catchall provision that does not include grounds already covered in 60(b)'s other sections. *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295–96 (7th Cir. 1998). The Supreme Court has said that the factors to be considered in an excusable neglect argument are the potential prejudice to the movant, the length of the neglect, the reason for the neglect, including whether it was within the movant's control, and whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993); *Telesphere Communications v. 900 Unlimited, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999).

We agree with Ericson that the district court erred by construing her August 10 submissions as an inadequate attempt at an opening brief. It appears that she was simply attempting to follow both the district court's and bankruptcy court's orders by filing those items with the district court on that date. But that does not end the matter because she still did not file a brief by August 13, the district court's final deadline.

In evaluating this failing, we consider two factors that courts weigh heavily when reviewing dismissals for failure to prosecute: the litigant's past history of dilatory or disrespectful conduct, and whether or not the district court warned the truant litigant that such behavior would lead to a dismissal. *See Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *Telesphere*, 177 F.3d at 612; *In re Scheri*, 51 F.3d 71, 74–75 (7th Cir. 1995); *Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993). Ericson's misbehavior in the bankruptcy court is well-documented in the record, but whether she received a warning is a more complicated question. In this circuit, a district court must warn a pro se litigant before dismissing her case. *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Yet Ericson argues that she was not warned because she never received the district court's order in the mail. The order itself directed the clerk of the district court to mail a copy to Ericson, so we presume that it was sent. But her affidavit states that around that time she suffered an interruption in her mail delivery. Litigants are responsibile for maintaining communication with the court during their lawsuits, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005), and may not hide behind a court's inability to warn them of impending dismissal when their own actions make such a warning impossible, *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988). Here, it is unclear whether Ericson's alleged spotty mail service was of her own doing, but she knew that it was imperfect and that the district court would soon rule on her motion, so she should have frequently checked in with the court in case its order could not be delivered. Instead, she filed the motion in July and did not follow up until December, at which point she learned that the case was

No. 04-4337                                                                  Page 4

dismissed. Ericson was not entitled to stick her head in the sand for five months and then pull it out and cry foul when her inattention cost her the case. The district court acted within its discretion in dismissing.

                                                                              AFFIRMED.